**IN THE COURT OF APPEALS OF IOWA**

No. 15-0879
Filed August 19, 2015

**IN THE INTEREST OF K.S. AND K.S.,**
**Minor Children,**

**J.R., Mother,**
**Appellant,**

**C.S., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Benton County, Jane F. Spande, District Associate Judge.

A mother and a father appeal separately from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Kristin L. Denniger, Cedar Rapids, for appellant mother.

Robert M. Bembridge of Swisher & Cohrt, Waterloo, for appellant father.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, David C. Thompson, County Attorney, and Jo Nelson, Assistant County Attorney, for appellee State.

Robert W. Davison, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, P.J.**

J.R., the mother, and C.S., the father, separately appeal the termination of their parental rights to their children, K.S. and K.S. We review their claims de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

We have carefully reviewed the record, the briefs of the parties, and the juvenile court's sixteen-page, single-spaced ruling that is both fact intensive and exceptionally thorough. We find the ruling to be well-reasoned and well-written, and after our de novo review of the record, we agree with and approve of the reasons and conclusions therein.[1] Because we believe there is little we can add to the ruling, we adopt as our own the juvenile court's findings and affirm its ruling terminating the parents' parental rights pursuant to Iowa Rule of Appellate Procedure 6.1203(a).

**AFFIRMED ON BOTH APPEALS.**

---

[1] The statutory grounds for termination asserted in the petition to terminate parental rights are paragraphs (a), (e), and (f) of Iowa Code section 232.116(1) (2015). Although the juvenile court set out the requisite elements for each of the three statutory grounds in its conclusions of law section of the ruling, it referenced only paragraphs (a) and (e); it did not reference paragraph (f). In its application of the law to the evidence, the juvenile court found insufficient evidence to terminate under paragraphs (a) and (e), and it specifically cited section 232.116(1)(a) and (e). The court found sufficient evidence to terminate under the requisite elements of section 232.116(1)(f), but it did not specifically reference section 232.116(1)(f). We find the court's omission to be a typographical error. It is abundantly clear from the court's ruling that the parents' parental rights are terminated under section 232.116(1)(f). In any case, the parties acknowledge the parental rights were terminated under section 232.116(1)(f).